# EXHIBIT A

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd.  5th fl.  at 10:45 AM - 02/03/2026
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a de novo on appeal from a decision entered by a Judge.

ROSENBAUM and ASSOCIATES, P.C.
By: JEFFREY M. ROSENBAUM. ESO.
Identification No. 51719
1818 Market Street, Suite 3200
Philadelphia, PA  19103
(215) 569-0200

ARBITRATION

ASSESSMENT OF DAMAGES

HEARING IS REQUIRED

Attorney for Plaintiff

*Filed and Attested by the Office of Judicial Records*
*MAR 2025 09:22 am*
*B. BALILONTS*

---

ROBERT CAMPBELL
220 Village Way
Chalfont, PA 18914

        Plaintiff

vs.

WAL-MART STORES EAST, L.P.
706 SW 8th Street
Bentonville, AR  72716
and
WAL-MART EAST, LP
706 SW 8th Street
Bentonville, AR  72716
and
WAL-MART STORES EAST, INC.
706 SW 8th Street
Bentonville, AR  72716
and
WAL-MART STORES, INC.
706 SW 8th Street
Bentonville, AR  72716
and
WAL-MART, INC.
706 SW 8th Street
Bentonville, AR  72716
and
JOHN DOES I-III (FICTITIOUS NAMES)

        Defendants

: PHILADELPHIA COUNTY
: COURT OFCOMMON PLEAS
:
:
:
: TERM, 2025
:
:
: NO.
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

---

### 2P-Product Liability-Civil Action Complaint

NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL & INFORMATION SERVICE

Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107

Case ID: 250301218

Phone: (215) 238-6333

AVISO

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN IAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICACION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN PERSONA O CON UN ABOGADO Y ENTREGAR A LA CORE EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DECIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED. LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

LAWYER REFERRAL & INFORMATION SERVICE

Philadelphia Bar Association

1101 Market Street, 11th Floor

Philadelphia, Pennsylvania 19107

Phone: (215) 238-6333

Case ID: 250301218

ROSENBAUM and ASSOCIATES, P.C.　　　ARBITRATION
By: JEFFREY M. ROSENBAUM, ESQ.　　　ASSESSMENT OF DAMAGES
Identification No. 51719　　　　　　　　　HEARING IS REQUIRED
1818 Market Street, Suite 3200
Philadelphia, PA  19103
(215) 569-0200　　　　　　　　　　　　Attorney for Plaintiff

| | |
|---|---|
| ROBERT CAMPBELL<br>220 Village Way<br>Chalfont, PA 18914 | : PHILADELPHIA COUNTY<br>: COURT OFCOMMON PLEAS<br>: |
| Plaintiff | : |
| vs. | : TERM, 2025<br>: |
| WAL-MART STORES EAST, L.P.<br>706 SW 8th Street<br>Bentonville, AR  72716<br>and | : NO. |

ROBERT CAMPBELL                     : PHILADELPHIA COUNTY
220 Village Way                         : COURT OFCOMMON PLEAS
Chalfont, PA 18914                      :
                    Plaintiff           :
vs.                                     : TERM, 2025
                                        :
WAL-MART STORES EAST, L.P.          :
706 SW 8th Street                     : NO.
Bentonville, AR  72716                 :
and                                     :
WAL-MART EAST, LP                     :
706 SW 8th Street                     :
Bentonville, AR  72716                 :
and                                     :
WAL-MART STORES EAST, INC.          :
706 SW 8th Street                     :
Bentonville, AR  72716                 :
and                                     :
WAL-MART STORES, INC.               :
706 SW 8th Street                     :
Bentonville, AR  72716                 :
And                                     :
WAL-MART, INC.                       :
706 SW 8th Street                     :
Bentonville, AR  72716                 :
and                                     :
JOHN DOES I-III (FICTITIOUS NAMES)  :
                                        :
                    Defendants        :

2P-Product Liability-Civil Action Complaint

1.　　The plaintiff, Robert Campbell, is an adult individual and a resident of the Commonwealth of Pennsylvania, residing at the above address.

2.　　The defendant, Wal-Mart Stores East, LP, is a corporation, partnership or fictitious name of an individual or individuals, with a place of business located at the above address and

Case ID: 250301218

at all times relevant hereto were in the business of the marketing, distributing and selling the Sanspredet Rattan Nightstand, involved herein.

3. The defendant, Wal-Mart East, LP, is a corporation, partnership or fictitious name of an individual or individuals, with a place of business located at the above address and at all times relevant hereto were in the business of the marketing, distributing and selling the Sanspredet Rattan Nightstand, involved herein.

4. The defendant, Wal-Mart Stores East, Inc, is a corporation, partnership or fictitious name of an individual or individuals, with a place of business located at the above address and at all times relevant hereto were in the business of the marketing, distributing and selling the Sanspredet Rattan Nightstand, involved herein.

5. The defendant, Wal-Mart Stores, Inc., is a corporation, partnership or fictitious name of an individual or individuals, with a place of business located at the above address and at all times relevant hereto were in the business of the marketing, distributing and selling the Sanspredet Rattan Nightstand, involved herein.

6. The defendant, Wal-Mart, Inc., is a corporation, partnership or fictitious name of an individual or individuals, with a place of business located at the above address and at all times relevant hereto were in the business of the marketing, distributing and selling the Sanspredet Rattan Nightstand, involved herein.

7. The defendants, John Does I-III (fictitious names), are individuals, corporations and/or other entities whose identities, after reasonable investigation, are currently unknown, but at all times relevant hereto were in the business of the manufacturing, marketing, distributing and selling the Sanspredet Rattan Nightstand, involved herein.

8. At all times relevant hereto the defendants acted through their agents, servants, workmen

Case ID: 250301218

and/or employees, who were acting within the scope and course of their employment and the doctrine of <u>Respondeat Superior</u> is invoked herein.

9. At all times relevant hereto, all defendants were acting as the agents, servants, workmen and/or employees of all other named defendants.

10. All defendants regularly and systematically conduct business in Philadelphia County, Pennsylvania.

11. On or about January 6, 2024, the plaintiff purchased from the defendants a Sanspredet Rattan Nightstand. A copy of the receipt dated January 6, 2024, is attached hereto as Exhibit "A".

12. On or about the 14th day of July, 2024, at or about 5:00 a.m., plaintiff was in his home at 220 Village Way, Chalfont, Pennsylvania. Plaintiff lost his balance and struck the handle of the aforesaid nightstand, which had a razor-sharp edge, causing plaintiff to sustain serious and severe injuries more fully described hereinafter.

COUNT I

PLAINTIFF, ROBERT CAMPBELL, vs. ALL DEFENDANTS

13. Plaintiff incorporates by reference all preceding paragraphs as if set forth in full herein

14. The carelessness and/or negligence of the defendants consisted of the following:

    a. Failing to adequately inspect and maintain the Sanspredet Rattan Nightstand;

    b. Failing to maintain said Sanspredet Rattan Nightstand in a safe and reasonable condition for persons such as the plaintiff;

    c. Failing to reasonably inspect the aforesaid Sanspredet Rattan Nightstand to ascertain the existence of the negligent condition when defendants knew or should have known of the existence of said negligent condition;

    d. Failing to warn consumers such as plaintiff of the negligent and/or defective condition;

Case ID: 250301218

e.  Failing to properly and adequately repair said defective condition;

f.  Failing to respond to requests to repair said defective condition.

g.  Failure to adequately warn of the inherent dangerous propensities of the product;

h.  Failure to adequately provide for protective measures against failure of the product;

i.  Failure to employ adequate measures in the assembly, design, manufacture, and production of the product;

j.  Failure to protect the product from ceasing to function properly;

k.  Failure to inspect the product so as to prevent accidents or accidental dysfunction from occurring;

l.  Failure to properly design said product in such a manner as would afford adequate protection from injury of the lawful user thereof;

m.  Failure to supply adequate notices or warnings of the dangers of the product;

n.  Failure to design, manufacture and assemble said product in such a manner that it could not easily become defective;

o.  Failure to warn the plaintiff and/or consumers of the risk of the product;

p.  Failure to exercise due care and caution in the design, assembly and manufacture of said product required under the circumstances;

q.  Failure to place warning notices in an obvious or conspicuous place on said product;

r.  Failure to place and install adequate warning notices on said product;

s.  Failure to comply with various laws, regulations, and customs of the industry with regard to safety in such products including, but not limited to, the laws of the United States of America and the Commonwealth of Pennsylvania;

t.  Failure to properly inspect the product prior to placing it in the stream of commerce;

u.  Failure to design a product with adequate materials and safety devices;

v.  Distributing a defective product to the general public and to the plaintiff;

Case ID: 250301218

w.      Advertising a defective product to the general public and to the plaintiff;

x.      Failure to properly train, control and supervise its employees in the design, manufacture, and assembly of said product;

y.      Making false representations to plaintiff that the product was safe for use, when in fact said product was defective and in a dangerous condition;

z.      Utilizing defective materials in the manufacture of the product; and,

aa.     Failing to recall said product in a timely manner.

15. Solely because of the negligence of the defendants acting as aforesaid, the plaintiff was caused to sustain serious physical injury in and about the person, including but not limited to laceration to the arm and scarring, as well as a severe shock to the nerves and nervous system and was or may have been otherwise injured, whereby plaintiff has suffered and may continue to suffer in the future.

16. The plaintiff may have sustained other injuries and pre-existing conditions may have been aggravated.

17. The plaintiff avers that some or all of the injuries sustained may be or are of a permanent nature and character.

18. As a further result of the aforesaid accident, plaintiff has been unable in the past and is likely to continue to be unable in the future, to attend to plaintiff's usual duties, activities, vocations and avocations, all to plaintiff's great financial loss and detriment.

19. As a further result of the aforesaid accident and resultant injuries, plaintiff has expended and is in the future likely to expend substantial sums of monies for the care, treatment and attempted cure of plaintiff's injuries, all to plaintiff's great financial loss and detriment.

Case ID: 250301218

20. As a further result of the aforesaid accident and resultant injuries, plaintiff has been caused to undergo in the past and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to plaintiff's great financial loss and detriment.

**WHEREFORE**, plaintiff, Robert Campbell, demands judgment against defendants, Wal-Mart Stores East, LP, Wal-Mart East, LP, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., Wal-Mart, Inc., John Does I-III (fictitious names) and John Does IV-VI (fictitious names), in a sum not in excess of the arbitration limits.

<u>COUNT II-STRICT LIABILITY IN TORT</u>

<u>PLAINTIFF, ROBERT CAMPBELL, vs. ALL DEFENDANTS</u>

21. Plaintiff incorporates by reference all preceding paragraphs as if set forth in full herein

22. At all times relevant hereto, defendants were engaged in the business of designing, building, manufacturing, distributing, selling and/or supplying Sanspredet Rattan Nightstand for purchase, such as the one involved herein.

23. At the time of the accident described above, there had been no substantial changes in the condition of the Sanspredet Rattan Nightstand from its condition when it was sold and/or supplied by the defendants.

24. The injuries and damages suffered by plaintiff, Robert Campbell, were directly and proximately caused by the defective condition of the Sanspredet Rattan Nightstand, for which defendants are strictly liable in tort under § 402 (A) of the Restatement of Torts (Second).

WHEREFORE, plaintiff, Robert Campbell, demands judgment against defendants, Wal-Mart Stores East, LP, Wal-Mart East, LP, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., Wal-Mart, Inc., John Does I-III (fictitious names) and John Does IV-VI (fictitious names), in a

Case ID: 250301218

sum not in excess of the arbitration limits.

<u>COUNT III-BREACH OF WARRANTY</u>

<u>PLAINTIFF, ROBERT CAMPBELL, vs. ALL DEFENDANTS</u>

25. Plaintiff incorporates by reference all preceding paragraphs as if set forth in full herein.

26. In promoting, selling, supplying, leasing, delivering and/or distributing the aforementioned Sanspredet Rattan Nightstand, defendants impliedly and expressly warranted that the Sanspredet Rattan Nightstand was merchantable, fit and safe for the ordinary and particular purpose for which it was sold and intended to be used, in a safe condition and free from all defects.

27. The Sanspredet Rattan Nightstand was defective and harmful, was not merchantable and was not fit and safe for the ordinary and particular purposes for which it was sold.

28. Defendants breached their warranty of merchantability, warranty of fitness for a particular purpose, implied warranty and express warranties.

29. As a direct and proximate result of defendants' breach of warranty of merchantability, breach of warranty of fitness for particular purpose, breach of implied warranty and breach of express warranty, plaintiff has suffered and will continue to suffer the injuries and damages set forth above and herein.

Case ID: 250301218

WHEREFORE, plaintiff, Robert Campbell, demands judgment against defendants, Wal-Mart Stores East, LP, Wal-Mart East, LP, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., Wal-Mart, Inc., John Does I-III (fictitious names) and John Does IV-VI (fictitious names), in a sum not in excess of the arbitration limits.

ROSENBAUM and ASSOCIATES, P.C.

By:_____

JEFFREY M. ROSENBAUM, ESQUIRE
Attorney for Plaintiff

DATE:

Case ID: 250301218

46817

## VERIFICATION

I verify that the statements made in the foregoing Civil Action Complaint and any attachment thereto are true and correct to the best of my information and belief. I understand that false statements therein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

ROBERT CAMPBELL

DATE: 02/23/2025

Case ID: 250301218

EXHIBIT "A"

Case ID: 250301218



Case ID: 250301218